UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. 4:11-CR-276 |
| | § | CIVIL ACTION NO. 4:16-CV-87 |
| RICARDO MARIO RUBIO BANDA, | § | |
| | § | |
| Defendant-Movant. | § | |

## OPINION AND ORDER

## ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Movant Ricardo Mario Rubio Banda's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 48); the United States' Motion to Dismiss as Time Barred and Motion for Summary Judgment (Doc. 51); and Judge Stacy's Memorandum and Recommendation that the Court deny the § 2255 Motion and grant the United States' Motion for Summary Dismissal (Doc. 52).

A copy of the Memorandum and Recommendation was mailed to movant twice. The mailing was returned as undeliverable both times. The Bureau of Prisons locator indicates that movant has been released and he has failed to notify the Court of a new address. It is movant's obligation to keep the court apprised of his current address. See Local Civil Rule 83.4. Therefore noting that the movant has failed to notify the Court of his new address and seeing no objection to this recommendation by either party and having now reviewed the recommendation, this Court hereby adopts as its own the Memorandum and Recommendation as the decision of the Court.

**Standard of Review**

Where no party objects to the Magistrate Judge's Memorandum and Recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether it is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

**Conclusion**

The Court has carefully reviewed the filings, the Magistrate Judge's Memorandum and

Recommendation, and the applicable law and finds the Memorandum and Recommendation is not erroneous in its factual findings nor contrary to law.

Accordingly, it is hereby

ORDERED the United States' Motion for Dismissal is GRANTED, and the Movant's § 2255 Motion is DENIED.

SIGNED at Houston, Texas, this 18th day of January, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE